FILED

JAN 03 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TIFFANY ANN STROBL,

    Petitioner,

v.

JENKINS, Warden,

    Respondent.

Case No. 18-04613 BLF (PR)

**ORDER OF TRANSER**

Petitioner, a federal prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the duration of her confinement. (Pet. at 3.) At the time she filed the instant action, Petitioner was confined at the Federal Prison Camp in Dublin, California. (Id. at 1.) On December 19, 2018, Petitioner filed a notice of change of address, stating that she is now incarcerated at the Corrections Center of Northwest Ohio, which is in the city of Stryker within Williams County. (Docket No. 10.)

Section 2241 allows "the Supreme Court, any justice thereof, the district courts and any circuit judge" to grant writs of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). In 1948, relying on the "within their respective jurisdictions" language, the Supreme Court held that personal jurisdiction over a federal habeas corpus petition lies exclusively in the single federal judicial district in which both the custodian of

the prisoner and the prisoner reside. *Ahrens v. Clark*, 335 U.S. 188, 190-91 (1948). In *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484 (1973), the Supreme Court held that the literal language of § 2241(a) required "nothing more than that the court issuing the writ have jurisdiction over the custodian. So long as the custodian can be reached by service of process, the court can issue a writ 'within its jurisdiction' requiring that the prisoner be brought before the court . . . even if the prisoner himself is confined outside the court's territorial jurisdiction." *Id.* at 495.

Although this court may have jurisdiction to hear a petition, *see Braden*, 410 U.S. at 494-95, *Braden* also makes clear that "venue considerations may, and frequently will, argue in favor of adjudication of the habeas claim in the jurisdiction where the habeas petitioner is confined." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 814 (D.C. Cir. 1988). Transfer of a petition to another district court may therefore be in order on grounds of convenience. *See Braden*, 410 U.S. at 499 n.15; *McCoy*, 537 F.2d at 966; *United States ex rel. Meadows v. New York*, 426 F.2d 1176, 1183 n.9 (2d Cir. 1970), *cert. denied*, 401 U.S. 941 (1971).

Federal courts generally take the position that the district of confinement "is normally the forum most convenient to the parties," *McCoy*, 537 F.2d at 966, and therefore exercise discretion in transferring petitions to the district of confinement "in the interests of justice" pursuant 28 U.S.C. § 1404(a). *See id.*; *see also Dunne v. Henman*, 875 F.2d 244, 249-50 (9th Cir. 1989) (suggesting that even where district court has personal jurisdiction over custodian, preferred forum is district where petitioner is confined). This practice is supported by the fact that a prisoner's records follow him to the place of incarceration and in that it promotes uniformity in the filing of § 2241 petitions; in contrast, a system that allows a prisoner in California to challenge the execution of his federal sentence in any of the four district courts within the state, since they all have personal jurisdiction over any California custodian, works against this. A transfer to the district of confinement on convenient forum grounds is therefore preferable as long as no

2

undue delay is created. *See Chatman-Bey*, 864 F.2d at 814 ("Delay is undesirable in all aspects of our justice system, but it is especially to be avoided in the sensitive context of habeas corpus.").

The Court issued an Order to Show Cause on December 3, 2018, and Petitioner filed her notice of change of address on December 19, 2018. (Docket Nos. 9, 10.) As such, there is no undue delay in transferring the matter to the district of confinement on the grounds that it is now the more convenient forum. Accordingly, in the interest of justice, this case is TRANSFERRED to the United States District Court for the Northern District of Ohio. *See* 28 U.S.C. §§ 115(a), 1404(a).

The Clerk shall terminate all pending motions and transfer the entire file to the Northern District of Ohio.

**IT IS SO ORDERED.**

Dated: Jan 3, 2019

BETH LABSON FREEMAN
United States District Judge

s

Order of Transfer
PRO-SE\BLF\HC.18\04613Strobl_transfer(OH)

3